640 So.2d 546 (1994)
Reggie Clark MURPHY, Plaintiff-Appellee,
v.
STATE of Louisiana, THROUGH the LOUISIANA DEPARTMENT OF PUBLIC SAFETY, Defendant-Appellant.
No. 93-1228.
Court of Appeal of Louisiana, Third Circuit.
May 4, 1994.
*547 Kenneth E. Badon, Lake Charles, for Reggie Clark Murphy.
Robert Lee Roshto, Baton Rouge, for State, Dept. of Public Safety.
Before YELVERTON and THIBODEAUX, JJ., and CULPEPPER[*], J. Pro Tem.
YELVERTON, Judge.
The Department of Public Safety appeals the trial court's judgment granting Reggie Murphy a hardship or restricted license pursuant to Murphy's request after suspension of his license for an arrest for second offense DWI.
In 1991, Murphy's license was suspended for 90 days because he was arrested and a breath test indicated that his blood alcohol level was greater than .10. That arrest did not result in a conviction, a plea of guilty, or a bond forfeiture. On January 24, 1993, Murphy was arrested again for DWI. His blood alcohol level was greater than .10 at this time. As a result of this arrest, his license was suspended for one year. This suspension was affirmed at an administrative hearing.
Murphy then filed this suit requesting restricted driving privileges. At the time of this hearing the criminal charge on the second arrest was still pending. The trial court granted Murphy a hardship license based on La.R.S. 32:667(H).
The applicable statutory law is found in La.R.S. 32:667 and 668 which come into play upon arrest for suspicion. Schott v. State, Through DPS, 556 So.2d 999 (La.App. 3rd Cir.1990).
La.R.S. 32:667(B)(1) provides that a person whose license has been suspended for a second violation shall not be eligible for a hardship license for 365 days from the date of suspension if the second violation occurred within five years of the first offense. Murphy falls under this section.
However, the trial court found that La.R.S. 32:667(H) required that there be a conviction, plea of guilty, or bond forfeiture on the first suspension for the "second suspension" to be considered a valid suspension. Since there was no conviction, plea of guilty, or bond forfeiture on the first suspension, the trial court found that Murphy was eligible for a hardship license. We disagree with this interpretation for the following reasons.
La.R.S. 32:667(H) states the following:
H. (1) When any person's driver's license has been seized, suspended, or revoked, and the seizure, suspension, or revocation is connected to a charge or charges of violation of a criminal law, and the charge or charges do not result in a conviction, plea of guilty, or bond forfeiture, the person charged shall have his license immediately reinstated and shall not be required to pay any reinstatement fee if at the time for reinstatement of driver's license, it can be shown that the criminal charges have been dismissed or that there has been a permanent refusal to charge a crime by the appropriate prosecutor or there has been an acquittal. If however, at the time for reinstatement, the licensee has pending against him criminal charges arising from the arrest which led to his suspension or revocation of driver's license, the reinstatement fee shall be collected. Upon subsequent proof of final dismissal or acquittal, other than under Articles 893 or 894 of the Code of Criminal Procedure, the licensee shall be entitled to a reimbursement of the reinstatement fee previously paid. In no event shall exemption from this reinstatement fee or reimbursement of a reinstatement fee affect the validity *548 of the underlying suspension or revocation.

(2) If a licensee qualifies for the exemption from the reinstatement fee or for a reimbursement of the reinstatement fee as provided in Paragraph (1), the licensee shall receive credit for the unexpired portion of the license which was seized, and shall be exempt from the payment of, or shall receive reimbursement for the payment of, the duplicate license fee and the handling fee with regard to the license which was seized. (Emphasis Supplied) Added by Acts 1992, No. 605, § 1.
We must read Subs. H in conjunction with the other subsections of La.R.S. 32:667. Subsection B(1) refers only to a suspension and does not qualify that it be in conjunction with a conviction, guilty plea or bond forfeiture. It states that on second suspensions there shall be no hardship license issued for three hundred sixty five days. La.R.S. 32:414 and 415.1 are invoked upon conviction and sentence. Schott, 556 So.2d at 1001.
Subs. H contemplates that a person whose license has been suspended will be entitled to have his license reinstated. It refers only to placement of the responsibility for payment of the fees for reinstatement. It simply establishes that a person who has put on proof that the criminal charges have been dismissed, or there has been a permanent refusal to charge a crime by the appropriate prosecutor, or there has been an acquittal, will not be required to pay the reinstatement fee. The last sentence of Subs. (H)(1) clearly establishes that exemption from the reinstatement fee or reimbursement does not affect the validity of an underlying suspension or revocation. The legislature obviously did not intend to do away with the mandate that a person whose license has been suspended for a second offense DWI shall be denied restricted driving privileges.
La.R.S. 32:668(C) allows a court in its review of a final order of suspension to order the Department of Public Safety to grant the person restricted driving privileges where appropriate as provided by Subs. B. Subs. B allows restricted driving privileges only where there has been no prior suspension.
Since Murphy's license was suspended for a second offense DWI violation, he was ineligible for restricted driving privileges at the time he petitioned the court below. Accordingly, we reverse and set aside the judgment of the trial court, and dismiss the plaintiff's petition. Costs of this appeal are assessed to Reggie Murphy.
REVERSED.
NOTES
[*] Honorable William A. Culpepper, Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.