|2LEBLANC, Judge.
Victor R. Michelli, II, plaintiff-appellee, sought judicial review of the suspension of his driver’s license by the Department of Public Safety. The trial court reduced Mi-chelli’s suspension from 545 days to 180 days and granted Michelli a hardship license during the suspension. The Department appeals.
FACTS
On May 22,1993, Michelli was observed by State Trooper John Futral exceeding the posted speed limit and weaving onto the left shoulder of the roadway. Michelli was stopped. The officer detected an odor of alcohol and found Michelli’s speech slurred and his eyes bloodshot and glassy. When Michelli was administered a field sobriety test, he was unable to complete the tasks. The officer placed Michelli under arrest for DWI. Michelli subsequently refused to submit to chemical testing for intoxication.
The Department sought to suspend Mi-chelli’s driving privileges for a period of 545 days. The length of the suspension was based on Michelli’s prior refusal to submit to a chemical test on January 27, 1993, and his subsequent refusal on May 22,1993. Michel-li requested a hearing and, after considering the law and evidence, the Hearing Officer ordered a 545 day suspension. Michelli sought judicial review and the trial court, finding the first refusal was not a valid refusal, reduced his suspension from 545 days to 180 days and ordered Michelli be issued a hardship license for the entire 180 day suspension.
The Department appeals, assigning as error the reduction of Michelli’s suspension and, in the alternative, the issuing of a hardship license.
LAW AND DISCUSSION
The Department argues the trial court erred in finding the first refusal invalid and reducing Michelli’s suspension from 545 to 180 days.
La.R.S. 32:667 B provides, in pertinent part:
1.3(2) If the person had refused to submit to the test, his driving privileges shall be suspended for one hundred and eighty days from the date of suspension on first refusal and five hundred forty-five days from the date of suspension without benefit of eligibility for a hardship license on the second and subsequent refusals occurring within five years of the first refusal.
Therefore, a person who refuses to submit to a second chemical test within five years shall have his license suspended for 545 days. At trial, Michelli stipulated to the first refusal in January of 1993, but argued the first refusal was not a valid refusal and should not be counted. Michelli based this argument on his acquittal of the January 1993 charges and argued because the first charge did not result in a conviction, the first refusal was not valid.
The trial court found a refusal which results in acquittal could not be the basis for a 545 day suspension, citing La.R.S. 32:667. La.R.S. 32:667H(1) states:
When any person’s driver’s license has been seized, suspended, or revoked, and the seizure, suspension, or revocation is connected to a charge or charges of violation of a criminal law, and the charge or charges do not result in a conviction, plea of guilty, or bond forfeiture, the person charged shall have his license immediately reinstated and shall not be required to pay any reinstatement fee if at the time for reinstatement of driver’s license, it can be shown that the criminal charges have been dismissed or that there has been a permanent refusal to charge a crime by the appropriate prosecutor or there has been *468 an acquittal. If however, at the time for reinstatement, the licensee has pending against him criminal charges arising from the arrest which led to his suspension or revocation of driver’s license, the reinstatement fee shall be collected. Upon subsequent proof of final dismissal or acquittal, other than under Articles 893 or 894 of the Code of Criminal Procedure, the licensee shall be entitled to a reimbursement of the reinstatement fee previously paid. In no event shall exemption from this reinstatement fee or reimbursement of a reinstatement fee affect the validity of the underlying suspension or revocation.
We disagree with the interpretation used by the trial court. As the historical notes state, Subsection H was added by amendment in 1992 and relates “to exemption or reimbursement of reinstatement fees in cases not resulting in conviction.” Subsection H refers to the placement of the responsibility for payment of the fees. Murphy v. State Through DPS, 93-1228, p. 3 (La.App. 3rd Cir. 5/4/94), |4640 So.2d 546, 548. Subsection H does not affect the validity of the underlying suspension, or affect the validity of a prior refusal. Id.
We do not construe the legislature’s clarification of the payment and collection of fees to do away with the clear mandate that a person who has twice refused to submit to a chemical test shall be denied driving privileges for 545 days without benefit of eligibility for a hardship license as authorized by La.R.S. 32:667 B(2). Subsection B refers to a refusal and does not qualify that it be in conjunction with a conviction, guilty plea or bond forfeiture. See Murphy v. DPS, 93-1228, p. 3, 640 So.2d at 548. The first refusal was valid. Since Michelli had twice refused to submit to the test, his driving privileges should have been suspended for 545 days as required by La.R.S. 32:667B.
In the event the first refusal was found to be invalid, the Department also assigns as error the trial court issuing Michelli a hardship driver’s license, citing the prohibition against the issuing of a hardship license found in La.R.S. 32:668 B(l)(b). Based on our decision and remand, we pretermit discussion of this assignment of error.
CONCLUSION
It was error for the trial court to fail to include the first refusal when calculating the proper length of suspension. Accordingly, the judgment of the trial court is reversed and the decision of the Hearing Officer affirming the Department’s proposed 545 day suspension of Victor R. Michelli, IPs driving privileges is reinstated. This case is remanded to the trial court for further proceedings consistent with this opinion.
Costs of this appeal are assessed to Victor R. Michelli, II.
REVERSED AND REMANDED.