663 So.2d 254 (1995)
Richard L. NUNNALLY, Plaintiff-Appellee,
v.
STATE of Louisiana, DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS, Defendant-Appellant.
No. 95-356.
Court of Appeal of Louisiana, Third Circuit.
October 4, 1995.
*255 Charles Gregory Gravel, Alexandria, for Richard Nunnally.
Paul Edward Schexnayder, White Castle, for Louisiana Dept. of Public Safety & Corp.
Before: KNOLL, THIBODEAUX, and DECUIR, JJ.
THIBODEAUX, Judge.
The Department of Public Safety and Corrections appeals the judgment of the trial court reinstating Richard L. Nunnally's driving privileges. Nunnally's license was suspended administratively by the Department of Public Safety and Corrections. He refused to submit to a chemical test for intoxication and subsequently obtained an acquittal and dismissal of prosecution under La.Code Crim.P. art. 894.
We affirm.

ISSUE
The sole issue is whether La.R.S. 32:667(H)(1) provides for the reinstatement of driving privileges after one has been acquitted for driving while intoxicated under the provisions of La.Code Crim.P. art. 894.

FACTS
On June 4, 1994, Nunnally refused to submit to a chemical test for intoxication, a violation of the implied consent law, La.R.S. 32:661 et seq. That refusal resulted in an order by the Department of Public Safety and Corrections that Nunnally's license to drive be suspended for a period of 180 days. Nunnally's suspension was upheld at the administrative hearing. Nunnally then filed a petition with the district court to review the decision of the administrative hearing officer. The district court granted a restraining order against the Department of Public Safety and Corrections pending its review of the entire case. Meanwhile, prior to the district court review, Nunnally pleaded guilty to the offense of driving while intoxicated and was sentenced under the provisions of La.Code Crim.P. art. 894.
Nunnally obtained an early termination of his probation by the district court. Nunnally's motion to dismiss the prosecution was granted.

LAW AND DISCUSSION
The applicable statutory law is found in La.R.S. 32:667(H)(1) and La.Code Crim.P. art. 894. Louisiana Code of Criminal Procedure Article 894 comes into play when there is a suspension of sentence and the defendant is placed on probation. Paragraph (B) of Article 894 provides for the setting aside of a conviction and dismissing the prosecution if, at the conclusion of the suspension period, the defendant has not been convicted of any other offense during the suspension period, and if no criminal charges are pending against him. The Article further provides that the effect of the dismissal of prosecution shall be the same as an acquittal, except that the conviction may be considered as a first offense, providing a basis for subsequent *256 prosecution of the defendant as a multiple offender.
Because Nunnally's driving while intoxicated conviction was set aside under the provisions of La.Code Crim.P. art. 894, the district court found that he was entitled to have his suspended driver's license reinstated pursuant to La.R.S. 32:667(H)(1).
La.R.S. 32:667(H)(1) states:
When any person's driver's license has been seized, suspended, or revoked, and the seizure, suspension, or revocation is connected to a charge or charges of violation of a criminal law, and the charge or charges do not result in a conviction, plea of guilty, or bond forfeiture, the person charged shall have his license immediately reinstated and shall not be required to pay any reinstatement fee if at the time for reinstatement of driver's license, it can be shown that the criminal charges have been dismissed or that there has been a permanent refusal to charge a crime by the appropriate prosecutor or there has been an acquittal. If however, at the time for reinstatement, the licensee has pending against him criminal charges arising from the arrest which led to his suspension or revocation of driver's license, the reinstatement fee shall be collected. Upon subsequent proof of final dismissal or acquittal, other than under Articles 893 or 894 of the Code of Criminal Procedure, the licensee shall be entitled to a reimbursement of the reinstatement fee previously paid. In no event shall exemption from this reinstatement fee or reimbursement of a reinstatement fee affect the validity of the underlying suspension or revocation.
The trial judge found this statute to be "ambiguous at best." We agree. For instance, it is uncertain whether the phrase "... the person charged shall have his license immediately reinstated and shall not be required to pay any reinstatement fee ..." refers only to the waiver of the reinstatement fee after one's license has been reinstated or whether the reference is truly a disjunctive one and pertains to two separate and distinct ideas. Since it is a penal statute,
"[a]ny doubt concerning the coverage of a penal statute should be decided in favor of the accused and against the state. Under [this] interpretive [principle], statutory provisions which result in, the suspension of a driver's license must be strictly construed and any ambiguity must be interpreted in favor of the holder of the license and against the state."
Carroll v. State, Department of Public Safety, 94-444 (La.App. 3 Cir. 12/7/94), 647 So.2d 603, 605, quoting Owen v. State, Department of Public Safety and Corrections, 25,402, (La. App. 2 Cir. 1/19/94), 631 So.2d 32.
Clearly, when Nunnally's conviction was set aside and his prosecution dismissed under La.Code Crim.P. art. 894, he was acquitted, i.e., the DWI charge did not "result in a conviction." See State v. Bradley, 360 So.2d 858 (La.1978); Graves v. Department of Public Safety and Corrections, 590 So.2d 1290 (La.App. 1 Cir.1991). He is, therefore, entitled to reinstatement.
Furthermore, in interpreting a statute, it is proper for a court to consider other laws on the same subject matter. Chapter 2 of Title 32 contains a provision, La.R.S. 32:414(K)(1), which is identical to La.R.S. 32:667(H)(1), which is in Chapter 3 of Title 32, except for the phrase "have his license immediately reinstated and shall." If, as Murphy v. State of Louisiana, Through the Louisiana Department of Public Safety, 93-1228 (La.App. 3 Cir. 5/4/94), 640 So.2d 546 held, La.R.S. 32:667(H)(1) applied only to the question of the responsibility for payment of the reinstatement fee, the language of the statute would have logically paralleled the language of La.R.S. 32:414(K)(1). Instead, it added the words which refer to reinstatement. The apparent legislative intent was to provide a vehicle for reinstatement under Chapter 3, Part XIV, La.R.S. 32:661, entitled, "Tests for Suspected Drunken Drivers," ... "when any person's driver's license has been seized, suspended, or revoked, and the seizure, suspension, or revocation is connected to a charge or charges of violation of a criminal law, and the charge or charges do not result in a conviction, plea of guilty, or bond forfeiture." Otherwise, the additional language *257 would be unnecessary. It is a well-established rule of statutory contention that:
[w]hen interpreting a law (ordinance), the court should give it the meaning the lawmaker intended. It is presumed that every word, sentence or provision in the law was intended to serve some useful purpose, that some effect is to be given to each such provision, and that no unnecessary words or provisions were used. Conversely, it will not be presumed that the lawmaker intended idle, meaningless or superfluous language in, the law or that it intended for any part or provision of the law to be meaningless, redundant, or useless. The lawmaker is presumed to have enacted each law with deliberation and with full knowledge of all existing laws on the same subject.
Bunch v. Town of St. Francisville, 446 So.2d 1357, 1360 (La.App. 1 Cir.1984).
Our decision today does not mean to suggest that the underlying suspension is invalid. It is valid.[1] However, it cannot be used to foreclose one's entitlement to a reinstatement of driving privileges.

CONCLUSION
For the foregoing reasons, the trial court was correct in ordering the immediate reinstatement of Richard Nunnally's driving privileges. Its judgment is, therefore, affirmed.
All costs are assessed to the State of Louisiana, through the Department of Public Safety and Corrections.
AFFIRMED.
NOTES
[1] To that extent, we agree with the views expressed in Murphy, Id. and Michelli v. Louisiana Department of Public Safety and Corrections, 94-1205 (La.App. 1 Cir. 4/7/95), 654 So.2d 466.