I,PETERS, J.
The State of Louisiana, Department of Public Safety and Corrections (state), appeals the judgment of the trial court granting Brady Perrodin a restricted driver’s license during the time his driving privileges were suspended in connection with an arrest for operating a vehicle while intoxicated (DWI), a violation of La.R.S. 14:98. In its appeal, the state asserts three assignments of error: (1) that the issuance of Perrodin’s restricted license is prohibited by La.R.S. 32:667(B)(1), (2) that the trial court erred in overruling the state’s peremptory exception, and (3) that Perrodin failed to prove economic need for the license.
| gThe arrest giving rise to this litigation occurred on August 22, 1998, when Perro-din was arrested for DWI. He submitted to a chemical test for intoxication, and the test results revealed a blood-alcohol level higher than 0.10.[1] Perrodin had previously been arrested for DWI on March 22, 1997, and on that occasion also submitted to a chemical test for intoxication. The results of that test also revealed a blood-alcohol level higher than 0.10.
On August 26, 1998, or just four days after his arrest, Perrodin filed the rule currently before us.[2] The state responded by filing a peremptory exception of no cause of action, asserting that Perrodin was entitled to a restricted license only after a first suspension and that his pleading did not mention that his license had previously been suspended. The trial court referred the exception to the trial on the rule to show cause. After hearing the evidence presented, the trial court concluded that the August 22 arrest was a first offense and that Perrodin was entitled to a restricted driver’s license.
The suspension of driving privileges because of a DWI charge can arise from the arrest, the conviction, or bail forfeiture. See La.R.S. 32:667; La.R.S. 32:414. In this case, we are only concerned with the effect of a suspension as a result of the arrest. That suspension process results from a chemical test for intoxication which produces results showing a blood-alcohol content of 0.10 or higher at the time of arrest. La.R.S. 32:667(B)(1) provides in pertinent part:
|3If the person submitted to the test and the test results show a blood alcohol level of 0.10 percent or above by weight, his driving privileges shall be suspended for ninety days from the date of suspension on first offense violation, without eligibility for a hardship license for the first thirty days, and for three hundred sixty-five days from the date of suspension, without eligibility for a hardship license, on second and subsequent violations occurring within five years of the first offense.
The trial court based its decision on its interpretation of La.R.S. 44:9(B) and La. R.S. 32:667(H)(1). We find that reliance on La.R.S. 44:9(B) is misplaced because it applies only to one arrested for a felony offense or three specifically named misdemeanors having elements of violence. Additionally, that provision relates only to expungement of arrest records and not to driving privileges. The expungement of *811 misdemeanor arrest records is provided for in La.R.S. 44:9(A), and La.R.S. 44:9(A)(2) specifically excludes first and second offense DWI arrests from its coverage.
The language in La.R.S. 32:667(H)(1) does address the question of suspension where a DWI is not successfully prosecuted and reads as follows:
When any person’s driver’s license has been seized, suspended, or revoked, and the seizure, suspension, or revocation is connected to a charge or charges of violation of a criminal law, and the charge or charges do not result in a conviction, plea of guilty, or bond forfeiture, the person charged shall have his license immediately reinstated and shall not be required to pay any reinstatement fee if at the time for reinstatement of driver’s license, it can be shown that the criminal charges have been dismissed or that there has been a permanent refusal to charge a crime by the appropriate prosecutor or there has been an acquittal. If however, at the time of the reinstatement, the licensee has pending against him criminal charges arising from the arrest which led to his suspension or revocation of driver’s license, the reinstatement fee shall be collected. Upon subsequent proof of final dismissal or acquittal, other than under Articles 893 or 894 of the Code of Criminal Procedure, the licensee shall be entitled to a reimbursement of the reinstatement fee previously paid. In no event shall exemption from this reinstatement fee or reimbursement of a reinstatement fee affect the validity of the underlying suspension or revocation.
[4(Emphasis added.)
The effect of La.R.S. 32:667(H)(1) has been addressed in at least two conflicting opinions issued in this circuit. In Murphy v. State, Department of Public Safety, 93-1228 (La.App. 3 Cir. 5/4/94), 640 So.2d 546, the petitioner’s license was suspended for ninety days because he was arrested and a breath test indicated that his blood-alcohol level was greater than 0.10. The arrest did not result in a conviction, a guilty plea, or a bond forfeiture. Subsequently, the petitioner was arrested again for DWI and was found to have a blood-alcohol level greater than 0.10. The petitioner’s license was suspended for one year, and he sought a restricted driver’s license, which the trial court granted based on La.R.S. 32:667(H). In reversing the trial court, this court explained:
We must read Subs. H in conjunction with the other subsections of La.R.S. 32:667. Subsection B(l) refers only to a suspension and does not qualify that it be in conjunction with a conviction, guilty plea or bond forfeiture. It states that on second suspensions there shall be no hardship license issued for three hundred sixty five days. La.R.S. 32:414 and 415.1 are invoked upon conviction and sentence.
Subs. H contemplates that a person whose license has been suspended will be entitled to have his license reinstated. It refers only to placement of the responsibility for payment of the fees for reinstatement. It simply establishes that a person who has put on proof that the criminal charges have been dismissed, or there has been a permanent refusal to' charge a crime by the appropriate prosecutor, or there has been an acquittal, will not be required to pay the reinstatement fee. The last sentence of Subs. (H)(1) clearly establishes that exemption from the reinstatement fee or reimbursement does not affect the validity of an underlying suspension or revocation. The legislature obviously did not intend to do away with the mandate that a person whose license has been suspended for a second offense DWI shall be denied restricted driving privileges.
Id. at 548 (citation omitted).
See also Michelli v. Louisiana Dep’t of Pub. Safety & Corrections, 94-1205 (La. App. 1 Cir. 4/7/95); 654 So.2d 466 (holding that La.R.S. 32:667(H) refers to the place-rnent | Bof responsibility for payment of fees *812 and does not affect the validity of the underlying suspension), writ denied, 95-1076 (La.5/5/95); 654 So.2d 1087; Granata v. Louisiana Dep’t of Pub. Safety, 583 So.2d 872 (La.App. 1 Cir.1991) (holding that the petitioner was not eligible for a restricted driver’s license where on two separate occasions he submitted to a breath test that yielded a reading of greater than 0.10 and his license was suspended, even though the first arrest did not result in a criminal conviction); Schott v. State, Dep’t of Pub. Safety, 556 So.2d 999 (La. App. 3 Cir.1990) (holding that La.R.S. 32:414 and La.R.S. 32:415.1 are invoked upon conviction and sentence whereas La. R.S. 32:667 and La.R.S. 32:668 are invoked upon arrest for suspicion of DWI).
This court in Nunnally v. State, Department of Public Safety & Corrections, 95-356 (La.App. 3 Cir. 10/4/95); 663 So.2d 254, reached an opposite result. In Nun-nally, the plaintiff had refused to submit to a chemical test for intoxication at the time of his arrest, and his refusal resulted in a suspension of his license for 180 days. He later pled guilty to DWI and was sentenced under La. Code Crim.P. art. 894.[3] An early termination of his probation allowed him to obtain a dismissal of the prosecution. He then successfully petitioned the trial court for reinstatement of his driving privileges, and the state appealed. On appeal, a different panel of this court disagreed with the holding in Murphy, finding that La.R.S. 32:667(H)(1) is | ^ambiguous, and, as such, any doubt concerning its application must be decided in favor of the accused.
In considering these two conflicting opinions, we conclude that the appropriate analysis is the analysis expressed in Murphy. As such, we hold that the trial court erred in ordering the issuance of a restricted driver’s license to Perrodin based on La.R.S. 44:9(B) and La.R.S. 32:667(H)(1). Because we reach this conclusion, we need not consider the remaining assignments of error.
DISPOSITION
For the foregoing reasons, we reverse the judgment of the trial court and render judgment herein rejecting Brady Perro-din’s request for a restricted license. We tax all costs of this matter against Brady Perrodin.
REVERSED AND RENDERED.
THIBODEAUX, J., dissents for the reasons expressed in Nunnally v. State, Department of Public Safety & Corrections; 95-356 (La.App. 3 Cir. 10/4/95), 663 So.2d 254.
SAUNDERS, DECUIR and GREMILLION, JJ., dissent for the reasons assigned by THIBODEAUX, J.

. The chemical test for intoxication determines the alcoholic content of the blood and is expressed as a comparison of the blood-alcohol concentration by weight based on grams of alcohol per 100 cubic centimeters of blood.

. While entitled "Petition for Restricted Drivers License,” the text of the pleading is in the form of a rule to show cause. Attached to the pleading is an order directing the state to show cause why Perrodin should not be given a restricted license. Additionally, the state never filed an answer, and the entire matter has been treated in a rule format.

. La.Code Crim.P. art. 894(B) provides in part:
When the imposition of sentence has been deferred by the court, as authorized by this Article, and the court finds at the conclusion of the period of deferral that the defendant has not been convicted of any other offense during tire period of the deferred sentence, and that no criminal charge is pending against him, the court may set the conviction aside and dismiss the prosecution. The dismissal of the prosecution shall have the same effect as an acquittal, except that the conviction may be considered as a first offense and provide the basis for subsequent prosecution of the party as a multiple offender.