| SULLIVAN, Judge.
The State of Louisiana, through the Department of Public Safety and Corrections (the State), appeals the issuance of a restricted driver’s license to Wesley 0. King. For the following reasons, we reverse.
Facts and Procedural History
On June 27, 1998, Mr. King was arrested for operating a vehicle while intoxicated (DWI), a violation of La.R.S. 14:98. Mr. King submitted to a chemical test for intoxication, which revealed a blood-alcohol level higher than 0.10. Pursuant to La. R.S. 32:667(B)(1), his driver’s license was suspended effective July 28,1998. On November 12, 1998, Mr. King filed a Petition for a Restricted Driver’s License, 1 ^alleging that he was charged with DWI, first offense, that his license had been suspended for several months, and that his employment required him to operate a motor vehicle. The State responded with an Exception of No Cause of Action based on Mr. King’s failure to allege that his license had never been suspended previously.
On November 25, 1998, the trial court denied the State’s exception and tried the merits of the claim. Mr. King testified that he had previously been arrested for DWI on April 9, 1995, but that any charges from that arrest had been dismissed. Additionally, Mr. King produced documentation showing that the arrest records of his April 9, 1995 citation had been expunged on February 28, 1998, pursuant to La.R.S. 44:9(A)(2) and State v. Bradley, 860 So.2d 858 (La.1978) (holding that the exclusion of DWI arrests from the expungement statute was an unconstitutional denial of equal protection). On cross-examination, Mr. King admitted that he had submitted to a chemical test for intoxication in 1995, with that test also revealing a blood-alcohol level above 0.10. Because of that test result, Mr. King’s license was suspended in 1995, but he applied for and received a restricted license at that time. At the close of evidence, the trial court found that Mr. King was entitled to a restricted driver’s license. From this judgment, the State appeals.
Opinion
Both of Mr. King’s suspensions were based on his submission to a chemical test that revealed a blood-alcohol level higher than 0.10. Thus, the applicable statutory scheme is found in La.R.S. 32:667 and 668. Murphy v. State, Dep’t of Pub. Safety, 93-1228 (La.App. 3 Cir. 5/4/94), 640 So.2d 546; Schott v. State, Dep’t of Pub. Safety, 556 So.2d 999 (La.App. 3 Cir.1990).
RLa.R.S. 32:667 outlines the procedures to be followed when a person arrested for DWI submits to a chemical test for intoxication with results showing a blood-alcohol level of 0.10 or above. La.R.S. 32:667(B)(1) (emphasis added) provides in part that the person’s driving privileges:
[Sjhall be suspended for ninety days from the date of suspension on first offense violation, without eligibility for a hardship license for the first thirty days, and for three hundred sixty-five days from the date of suspension, without eligibility for a hardship license, on second and subsequent violations occurring ivithin five years of the first offense.
La.R.S. 32:668(B)(l)(a) permits the State to issue a restricted driver’s license upon a showing that the suspension of driving privileges would deprive that per *46 son from earning a livelihood. A restricted driver’s license is available in the case of a “first submission to a test for intoxication and when there has been no prior suspension of the driver’s license.” Id. (emphasis added).
If a person whose license has been suspended is not convicted of the criminal charges connected with the suspension, he may be entitled to either an exemption or a reimbursement of fees charged by the State upon reinstatement of his license. La.R.S. 32:667(H)(1). However, that statute provides that such an exemption or reimbursement “[i]n no event shall ... affect the validity of the underlying suspension or revocation.” Id.; see also Perrodin v. State, Dep’t of Pub. Safety, 98-1599 (La.App. 3 Cir. 6/2/99); 741 So.2d 809.
Although Mr. King was not convicted after the 1995 DWI arrest, he has twice submitted to a chemical test for intoxication within a five-year period. Both tests revealed a blood-alcohol level above 0.10, and both tests resulted in the suspension of his driver’s license. In Granata v. Louisiana Department of Public Safety, 583 So.2d 872 (La.App. 1 Cir.1991) the court denied a restricted driver’s license to a Uplaintiff whose license had been suspended twice because of breath tests that yielded readings above 0.10, even though the first arrest did not result in a conviction. This court has reached the same result in Murphy, 640 So.2d 546, and, more recently, in Perrodin, 741 So.2d 809. Accordingly, Mr. King’s argument that he is entitled to a restricted driver’s license because he was charged with DWI, first offense, in 1998 is without merit. Under La.R.S. 32:668(B)(l)(a) the State may issue a restricted driver’s license “when there has been no prior suspension of the driver’s license.” The statute refers to prior suspensions, not the grade of the underlying criminal charges.
Mr. King argues that his case is distinguishable from Murphy and Granata because he obtained an expungement of his 1995 arrest records pursuant to La.R.S. 44:9. In particular, he cites former■ paragraph (B) of the expungement statute, which provided for the restoration of “all civil rights lost or suspended” by virtue of an arrest upon the entry of a nolle prose-qui, acquittal, or dismissal. We note the legislature repealed that paragraph in 1995.
La.R.S. 44:9(A) authorizes expungement of misdemeanor arrest records in cases where there has been a failure to prosecute timely or a final disposition by dismissal, motion to quash, or acquittal. In such cases, upon motion by the arrested person, the court shall:
[Ojrder all agencies and law enforcement offices having any record of the arrest, whether on microfilm, computer card or tape, or on any other photographic, electronic, or mechanical method of storing data, to destroy any record of arrest, photograph, fingerprint, or any other information of any and all kinds or descriptions. The court shall order.such custodians of records to file a sworn affidavit to the effect that the records have been destroyed and that no notations or references have been retained in the agency’s central repository which will or might lead to the inference that any record ever was on file with any agency or law [.¡enforcement office. The original of this affidavit shall be kept by the court so ordering same and a copy shall be retained by the affiant agency which said copy shall not be a public record and shall not be open for public inspection but rather shall be kept under lock and key and maintained only for internal recordkeeping purposes to preserve the integrity of said agency’s files and shall not be used for any investigative purpose. This Subsection does not apply to arrests for a first or second violation of any ordinance or statute making criminal the driving of a motor vehicle while under the influence of aleo- *47 holic beverages or narcotic drugs, as denounced by R.S. 14:98 or 98.1.
La.R.S. 44:9(A)(2).
The final sentence prohibiting the ex-pungement of misdemeanor DWI arrest records has been declared unconstitutional as a violation of equal protection rights. Bradley, 360 So.2d 858. Thus, first and second DWI arrest records may be expunged if the conditions of La.R.S. 44:9 are met. Op.Atty.Gen. 93-786 (2/9/94). However, as we recognized in Perrodin, 741 So.2d 809, La.R.S. 44:9 applies only to arrest records and not to driving privileges. Mr. King’s suspensions resulted from his submission to chemical tests for intoxication with a blood alcohol level above 0.10 and not from an arrest or conviction on criminal charges. We find that the expungement of his 1995 arrest record does not affect the validity of the 1995 suspension of his driving privileges. Accordingly, because Mr. King’s driver’s license has previously been suspended, he is not entitled to a restricted license during the present suspension.
Decree
For the above reasons, the judgment of the trial court is reversed, and Mr. King’s Petition for a Restricted Driver’s License is dismissed at his costs. Costs of this appeal are assessed to appellee, Wesley 0. King.
REVERSED AND RENDERED.
THIBODEAUX, J., CONCURS AND ASSIGNS REASONS.