# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 25-689

**JOSEPH G. RICHARD**

**VERSUS**

**STATE OF LOUISIANA, DEPARTMENT OF PUBLIC SAFETY & CORRECTIONS, OFFICE OF MOTOR VEHICLES**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2025-2114
HONORABLE KENDRICK J. GUIDRY, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## SHANNON J. GREMILLION
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Elizabeth A. Pickett, Shannon J. Gremillion, and Sharon Darville Wilson, Judges.

Pickett, C.J., dissents and assigns written reasons.

**AFFIRMED.**

**Harrietta J. Bridges**
**Attorney at Law**
**7979 Independence Boulevard, Suite 307**
**Baton Rouge, LA 70806**
**(225) 922-2311**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **State of Louisiana, Department of Public Safety & Corrections, Office**
    **of Motor Vehicles**

**Fred C. LeBleu, III**
**Andrew T. Leonards**
**Adam P. Johnson**
**The Johnson Firm**
**P.O. Box 849**
**Lake Charles, LA 70602**
**(337) 433-1414**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Joseph G. Richard**

**GREMILLION, Judge.**

The defendant-appellant, the Louisiana Department of Public Safety and Corrections (DPSC), Office of Motor Vehicles (OMV), appeals the judgment of the trial court overturning the administrative hearing officer's suspension of the plaintiff's Class E driver's license for failure to consent to a chemical test after an arrest for operating a vehicle while intoxicated. For the reasons that follow, we affirm.

## FACTS

While on patrol just before midnight on November 2, 2024, Louisiana State Trooper Austen Wright clocked a northbound vehicle on Highway 171 in Calcasieu Parish traveling twenty-two miles per hour over the posted speed limit. Trooper Wright pursued the vehicle. While in pursuit, he observed the vehicle commit several other traffic offenses, including twice failing to activate a turn signal before turning, failing to stop at a stop sign, and speeding at a rate of fifty-one miles an hour on a road with a posted speed limit of twenty-five miles per hour. When Trooper Wright activated his emergency lights to have the vehicle pull over, the driver, Joseph Richard continued driving several blocks until he pulled into his driveway and stopped his vehicle.

Once stopped, Trooper Wright noticed behavior that made him suspect Richard was intoxicated: he swayed from side to side while walking, he used his vehicle to steady himself, and his speech was slurred. Trooper Wright also noticed Richard's eyes were red and glassy, and he noticed a strong smell of alcohol on his breath. Because Richard had a disability from a work injury, Trooper Wright was only able to administer a horizontal gaze nystagmus (HGN) test. After conducting

this test, Trooper Wright determined that Richard was impaired and arrested Richard for operating a vehicle while intoxicated.

Trooper Wright asked Richard to submit to a chemical test (Intoxilyzer 9000), but Richard refused the test. Trooper Wright seized Richard's license for failure to submit to a chemical test pursuant to La.R.S. 32:667. To preserve the ability to contest the suspension of his license, Richard requested administrative review of the suspension within thirty days of his arrest as required by La.R.S. 32:668.

The administrative hearing was held on March 26, 2025. At that hearing, Richard introduced a letter from the Calcasieu Parish District Attorney's Office indicating that the district attorney had refused to charge Richard for a violation of La.R.S. 14:98. Richard argued that because the charge for DWI related to his arrest would not be prosecuted, the DPSC did not have the authority under La.R.S. 32:667(H)(1)(a) to suspend Richard's license, citing *In re Lafleur*, 12-1227 (La.App. 3 Cir. 3/6/13), 129 So.3d 540.

Pursuant to La.R.S. 32:668(A), the scope of this administrative hearing was limited to the following issues:

(1) Whether a law enforcement officer had reasonable grounds to believe that the person, regardless of age, had been driving or was in actual physical control of a motor vehicle upon the public highways of this state, or had been driving or was in actual physical control of a motor-powered watercraft upon the public navigable waterways of this state, while under the influence of either alcoholic beverages or any drug, combination of drugs, or combination of alcohol and drugs.

(2) Whether the person was placed under arrest.

(3) Whether he was advised by the officer as provided in R.S. 32:661.

(4) Whether he voluntarily submitted to an approved chemical test and whether the test resulted in a blood alcohol reading of 0.08 percent or above by weight, or of 0.02 percent or above if he was under the age of twenty-one years on the date of the test.

(5) Whether he refused to submit to the test upon the request of the officer.

2

(6) Such additional matters as may relate to the legal rights of the person, including compliance with regulations promulgated by the Department of Public Safety and Corrections and rights afforded to the person by law or jurisprudence.

The hearing officer found that Trooper Wright had reasonable grounds to believe Richard was operating his vehicle on a public highway while intoxicated. Richard was placed under arrest. The hearing officer further found that Richard was advised of his rights and the consequences of his failure to submit to a chemical test when Trooper Wright read the same from the approved form provided by DPSC. Richard did not submit to a chemical test; thus, the fourth question was deemed inapplicable and the fifth question deemed proven.

As to the sixth factor, the hearing officer acknowledged the evidence submitted by Richard that the district attorney had refused to charge Richard with DWI. In his reasons for ruling, the hearing officer stated:

> Counsel for Respondent's reliance on the reinstatement provisions of La.R.S. 32:667(H)(1)(a) is misplaced. This tribunal has no jurisdiction over the reinstatement of driving privileges as required by that statute. This tribunal's sole inquiry is whether the suspension of driving privileges by DPS was proper at the time those driving privileges were suspended. The issue of reinstatement of those driving privileges falls under the umbrella of issues that a district court has jurisdiction over. The issue of suspension of driving privileges, which is tasked to this tribunal, is distinct from the issue of the reinstatement of those driving privileges. It is why the *Lafleur* court made special mention of that distinction in its decision and did not comment on the validity of the administrative law judge's decision to affirm the suspension by DPS.
>
> It follows that the underlying suspension's validity, and consequently the relevance of the instant hearing, is not affected by the dismissal or other disposition of criminal charges. The suspension, when upheld by the administrative tribunal, may be used to enhance any future suspensions of Respondent's driving privileges *if* he is arrested for future DWIs, even though Respondent may be eligible to have his driving privileges reinstated.

Richard filed an Application for Judicial Review of the hearing officer's ruling pursuant to La.R.S. 32:668(C). The district court issued an order staying the

3

enforcement of the suspension pending judicial review. The district court conducts a de novo review of the findings of the hearing officer. *Clark v. Louisiana Dep't of Pub. Safety*, 13-1431 (La.App. 3 Cir. 5/17/14), 139 So.3d 635. At the hearing in the district court, OMV called Trooper Wright to the stand to testify to the circumstances surrounding Richard's arrest and his refusal of the chemical test. During the cross-examination of Trooper Wright, Richard introduced the response to the public records request from the Calcasieu Parish District Attorney's Office. The letter related to the charges against Richard states as follows:

> DA File No. 019-1355455; Arrest 11/03/2024: 14th JDC Docket #18314-24
> Charge:      **32:61 Speeding**
> Status:      Closed – Charge dismissed with cost 01/24/2025
> Charge:      **32:104 Failure to Use Signal**
> Charge:      **Failure to Stop at Stop Sign**
> Status:      Closed – Charge dismissed 01/14/2025
> Charge:      **14:98 Operating a Vehicle While Intoxicated**
> Status:      Closed – Charge refused 12/11/2024

Richard argued that La.R.S. 32:667(H)(1)(a) mandates that his license be reinstated because the charges against him did not result in a conviction, guilty plea, or bond forfeiture.

OMV argued that the suspension should be upheld. It further argued that Richard should be required to install an ignition interlock device as a condition of reinstatement of his license pursuant to La.R.S. 32:667(I)(1)(a) as amended by 2024 La.Acts, 2d Ex.Sess., No. 9, § 2, which became effective July 1, 2024.

At the conclusion of the hearing, the district court gave oral reasons for his ruling:

> The Court is reinstating Mr. Richard's license for these reasons:
>
> I do not find that his arrest was prosecuted. There is no conviction of record, there is no plea of guilty, and there has been no bond forfeiture. Under 32:667H.(1)(a), he is entitled to a reinstatement by the written law. The Court is bound by In Re Lafleur, 129 So.3rd, 540, it's already been mentioned. And it is exactly on point if the

4

underlying arrest does not result in conviction, then there is no other course of action for the State, for the Department of Public Safety with regard to any suspension, because there is no suspension. Without suspension, you don't get interlock, without suspension you don't get any fees, costs, or whatsoever. It's as if the arrest did not happen.

As to the particular 668 areas, the Court must review as part of this de novo review, we will go through them. I do believe that under, one, Trooper Wright had reasonable grounds to believe that Mr. Richard was driving a vehicle on a public highway and was driving under the influence. He put on his testimony, and I found his testimony credible. He saw speeding, he saw some left turns.

Now, without -- just that by itself would not be suspected DWI; but with the odor that Trooper Wright detected with the positive HGN test, that would be sufficient for the Court. So I find that at least there was reasonable grounds to suspect that he was drinking while driving. He was placed under arrest. That is Category 2. There is no debate about that. That is a fact, he was arrested. And whether he was advised as right as 661 of his right, the Court finds that Mr. Richard was advised of his rights. We had a refusal. We have Exhibit 1; and we have Exhibit 2, in globo, State in globo; and we have the credible testimony of Trooper Wright as to that point. Whether he voluntarily submitted, that is Category 4, we have testimony. We already stated, he refused. And then, of course, five, he did refuse to submit to the test. And with Trooper Wright stating his words of why he was refusing with the difficulty of the forms.

Now, as to six, such additional matters as may relate to the legal rights of the person. That's clearly what the Court is interpreting under H.(1). These charges were not prosecuted. So the State -- the department is asking that despite an arrest, which is just merely a probable cause determination; and then the prosecutor makes the decision whether to proceed to a conviction which they didn't, doesn't invalidate the arrest, it just makes it null and void. Mr. Richard is restored to his rights as existed before he was arrested.

That is the such additional matters as the Court is reviewing and interpreting under 6. For the life of me, I don't see how anybody has interpreted H.(1) without a conviction any other way. Whether that's the State department or ALJ, but that is for another day for the Court. I don't find with a proper record that the D.A.'s office did not prosecute this case. This is a classic example of what the Court feels like someone not bearing down, interpreting the statutes. You cannot get to suspension. You cannot get to other rights. You cannot get to any penalty of a person, who is not convicted for what they were arrested for, and the statute says that. Yet, we are here.

The district court signed a judgment reinstating Richard's driving privileges

and rescinding the proposed suspension. The judgment further ordered that Richard

was not required to install an ignition interlock device as a condition of reinstatement.

OMV now appeals.

## ASSIGNMENTS OF ERROR

OMV asserts two assignments of error:

1. The trial court erred in finding that the dismissal of the DWI charge pursuant to La.R.S. 14:98 removed the mandatory suspension conditions under La.R.S. 32:661 *et seq.,* (Implied Consent Law) because the charges did not result in a conviction, guilty plea, or bond forfeiture.

2. The trial court erred by failing to adhere to the mandatory language set forth in La.R.S. 32:667(I)(1)(a) regarding ignition interlock as a condition of reinstatement.

## DISCUSSION

On an appeal from a district court's review of an administrative hearing officer's determination concerning a suspension of a driver's license, we review the findings of fact under the manifest error standard of review. *Roland v. Louisiana Dep't of Pub. Safety & Corr.*, 24-865 (La. 5/9/25), 408 So.3d 926. We review questions of law on a de novo basis. *Id.* In this case, the parties do not dispute the operative facts. The only issue before this court is the correct interpretation and application of La.R.S. 32:667(H)(1) and (I). Thus, we consider the matter de novo.

The Louisiana Implied Consent Law, La.R.S. 32:661(A)(1), states:

> Any person, regardless of age, who operates a motor vehicle upon the public highways of this state shall be deemed to have given consent, subject to the provisions of R.S. 32:662, to a chemical test or tests of his blood, breath, urine, or other bodily substance for the purpose of determining the alcoholic content of his blood, and the presence of any drug in his blood if arrested for any offense arising out of acts alleged to have been committed while the person was driving or in actual physical control of a motor vehicle while believed to be under the influence of alcoholic beverages, any drug, combination of drugs, or combination of alcohol and drugs.

6

Any person arrested for a first-offense DWI who refuses to submit to a chemical test is subject to a one-year suspension of his driving privileges. La.R.S. 32:667(B)(2)(a).

Louisiana Revised Statutes 32:667(H)(1)(a) states:

> When any person's driver's license has been seized, suspended, or revoked, and the seizure, suspension, or revocation is connected to a charge or charges of violation of a criminal law, and the charge or charges do not result in a conviction, plea of guilty, or bond forfeiture, the person charged shall have his license immediately reinstated and shall not be required to pay any reinstatement fee if at the time for reinstatement of driver's license, it can be shown that the criminal charges have been dismissed or that there has been a permanent refusal to charge a crime by the appropriate prosecutor or there has been an acquittal. If, however, at the time for reinstatement, the licensee has pending against him criminal charges arising from the arrest which led to his suspension or revocation of driver's license, the reinstatement fee shall be collected. Upon subsequent proof of final dismissal or acquittal, other than under Code of Criminal Procedure Article 893 or 894, the licensee shall be entitled to a reimbursement of the reinstatement fee previously paid. In no event shall exemption from this reinstatement fee or reimbursement of a reinstatement fee affect the validity of the underlying suspension or revocation.

According to the evidence presented in the district court, it is undisputed that Trooper Wright had reasonable grounds to believe that Richard was driving while impaired, that he was arrested and charged with a violation of La.R.S. 14:98, and that he refused to submit to a chemical test for intoxication. It is also undisputed that the district attorney declined to prosecute Richard for DWI. The only issue before this court is a legal determination: the application of La.R.S. 32:667(H)(1)(a) to the facts of this case.

Trooper Wright properly seized Richard's license on November 3, 2024, according to the clear language of La.R.S. 32:667(A)(1), and he was issued a temporary license. Because Richard requested an administrative hearing within thirty days, he was entitled to a continuation of the temporary license pending the disposition of the administrative process. La.R.S. 32:667(D). As noted above, the

7

district court stayed the imposition of the suspension of Richard's license pending judicial review in the district court. Since the district court determined that Richard's license should not be suspended because the charge against him for DWI was dismissed, his suspension never took effect.

OMV argues that La.R.S. 32:667(H)(1)(a) "refers only to the placement of responsibility for the payment of the fees for reinstatement by establishing that a person, who has put on proof that the criminal charges have been dismissed, will not be required to pay the reinstatement fee." We disagree. While the subsection does address responsibility for fees, it also provides for the immediate reinstatement of the license when there has been an acquittal or a permanent refusal to prosecute.

This circuit's jurisprudence consistently holds to this interpretation. In *Brooks v. Louisiana Department of Public Safety & Corrections,* 11-71 (La.App. 3 Cir. 6/1/11), 66 So.3d 1236, *writ denied,* 11-1977 (La.11/14/11), 75 So.3d 948, Brooks, who held a commercial driver's license, was arrested for DWI and his commercial driver's license was seized. Brooks' charges were dismissed prior to the administrative hearing. After his suspension was upheld, Brooks requested a new trial arguing that La.R.S. 32:667 requires a conviction before suspension. The trial court granted the new trial and ruled in Brooks' favor. This court determined that, "seizure of the driver's license is mandated by subsection (A) upon his arrest. The suspension under subsection (B) is premised upon the driver's failure to request an administrative hearing, or upon an adjudication that the license should be suspended." *Id* at 1238. Thus, Brooks was incorrect that a conviction was required for a suspension. However, the court found that because the charges against Brooks were dismissed by the district attorney, the State was required to immediately reinstate his license under the plain terms of subsection (H). This reasoning was followed in *In re Lafleur*, 129 So.3d at 546, where the court held,

8

The record indicates that Mr. Lafleur's license was seized pursuant to La.R.S. 32:667 after his arrest for operating a vehicle while intoxicated. However, the district attorney declined to pursue criminal charges against Mr. Lafleur on May 24, 2012. Accordingly, Mr. Lafleur was entitled to reinstatement of his driving privileges pursuant to La.R.S. 32:667(H)(1) at that time.

In *Nunnally v State of Louisiana, Department of Public Safety and Corrections*, 95-356, (La.App. 3 Cir. 10/4/95), 663 So.2d 254, a driver refused chemical testing. His privileges were suspended, and that suspension was upheld by the administrative hearing officer. He then sought judicial review. The trial court issued a restraining order against OMV during the pendency of the judicial review.

Also during the pendency of judicial review, the driver pleaded guilty to driving while intoxicated. He was sentenced pursuant to La.Code Crim.P. art. 894, which provides for suspension of sentence and unsupervised probation in misdemeanor cases. He obtained an early termination of his probation and his prosecution was dismissed. The trial court found that, given that his conviction was set aside pursuant to La.Code Crim.P. art. 894, the driver's license was required to be reinstated.

This court construed La.R.S. 32:667(H)(1) in accordance with the rules governing penal statutes. Thus, any doubt or ambiguity is resolved in favor of the driver. The driver's sentencing pursuant to La.Code Crim.P. art. 894 resulted in an acquittal; therefore, his license was subject to immediate reinstatement.

Accordingly, we find that Richard's license is subject to immediate reinstatement.

OMV also argues that at the end of Richard's period of suspension, he is required to install an ignition interlock device on his vehicle pursuant to La.R.S. 32:667(I)(2). We disagree.

La.R.S. 32:667(I)(1)(a) provides:

I. (1) In addition to any other provision of law, an ignition interlock device shall be installed in any motor vehicle operated by any of the following persons whose driver's license has been suspended in connection with the following circumstances as a condition of the reinstatement of such person's driver's license:

Any person who has refused to submit to an approved chemical test for intoxication, after being requested to do so, for a first, second, or subsequent arrest of R.S. 14:98 or 98.6 or a parish or municipal ordinance that prohibits operating a vehicle while intoxicated and whose driver's license has been suspended in accordance with law.

Suspension of driving privileges is not automatic upon an arrest for DWI. Under La.R.S 32:667(A), once an arrest is made, the license is seized and a temporary license is issued for a period of thirty days. Under La.R.S. 32:667(B), if written request for a hearing is not made, then the license is suspended in accordance with law. However, if a hearing is requested, the temporary license is extended throughout the proceedings. La.R.S. 32:667(D)(1). Louisiana Revised Statutes. 32:667(E) (emphasis added) states, "The division of administrative law shall provide for a hearing *to determine suspension* or revocation of driving privileges." Thus, prior to an adjudication, there is no underlying suspension, only a proposed suspension. The hearing officer affirmed the suspension, but when Richard requested judicial review with the trial court, the imposition of his suspension was stayed. Therefore, his suspension never took effect. The trial court reversed the decision of the hearing officer and ordered that the proposed suspension be recalled and rescinded. Accordingly, he ordered that the ignition interlock device was not required.

At the time of Richard's hearing, the district attorney had already formally refused his charges for DWI. Under La.R.S. 32:668(A)(6), the scope of the administrative hearing includes "[s]uch additional matters as may relate to the legal rights of the person, including compliance with regulations promulgated by the Department of Public Safety and Corrections and rights afforded to the person by

10

law or jurisprudence." Louisiana Revised Statutes 32:667(H) granted Richard the legal right to an immediate reinstatement of his license when his charges were refused. Accordingly, at the time of the initial hearing, there was no basis for suspending Richard's license, and no suspension should have been ordered. The trial court was correct to reverse the order and recall the proposed suspension.

Louisiana Revised Statutes 32:667(I)(1)(a) applies to a person "whose driver's license has been suspended in accordance with law." Because the proposed suspension was recalled, Richard's license was never suspended. At all points in these proceedings, Richard was operating under a temporary license. No ignition interlock requirement is imposed that is not connected to a suspension. If Richard's suspension had been affirmed and he later sought reinstatement because of a subsequent refusal or dismissal of charges, then there would be an underlying suspension with which to attach the requirements of La.R.S. 32:667(I). Accordingly, because Richard's license was not suspended, the installation of an ignition interlock device is not required. Given that Richard's license was never suspended there can be no reinstatement or conditions for reinstatement. There was only a proposed suspension which never became effective.

### CONCLUSION

The judgment of the trial court is affirmed. Costs of this appeal in the amount of $3,664.79 are assessed to the Louisiana Department of Public Safety and Corrections, Office of Motor Vehicles.

**AFFIRMED.**

11

JOSEPH G. RICHARD

VERSUS

STATE OF LOUISIANA, DEPARTMENT OF PUBLIC SAFETY &
CORRECTIONS, OFFICE OF MOTOR VEHICLES


**Pickett, Chief Judge, dissents and assigns reasons.**

I respectfully dissent. I agree that issue before this court is the correct interpretation and application of La.R.S. 32:667(H)(1) and (I). Thus, we consider the matter de novo.

As the majority points out, the Louisiana Implied Consent Law, La.R.S. 32:661(A)(1) states:

> Any person, regardless of age, who operates a motor vehicle upon the public highways of this state shall be deemed to have given consent, subject to the provisions of R.S. 32:662, to a chemical test or tests of his blood, breath, urine, or other bodily substance for the purpose of determining the alcoholic content of his blood, and the presence of any drug in his blood if arrested for any offense arising out of acts alleged to have been committed while the person was driving or in actual physical control of a motor vehicle while believed to be under the influence of alcoholic beverages, any drug, combination of drugs, or combination of alcohol and drugs.

Under the plain language of La.R.S. 32:667(B)(2), any person arrested for a first-offense DWI who refuses to submit to a chemical test when an officer has a reasonable grounds to believe that the person was intoxicated and had been driving or had actual physical control of a vehicle is subject to a one-year suspension of his driving privileges. The hearing officer determined that Trooper Wright had such reasonable suspicion that Mr. Richard was operating his vehicle while intoxicated and that Mr. Richard refused to submit to a chemical test. On de novo review, the

district court made the same finding – Trooper Wright had reasonable grounds to believe that Mr. Richard was intoxicated and Mr. Richard refused the chemical test.

Louisiana Revised Statutes 32:667(H)(1)(a) states:

> When any person's driver's license has been seized, suspended, or revoked, and the seizure, suspension, or revocation is connected to a charge or charges of violation of a criminal law, and the charge or charges do not result in a conviction, plea of guilty, or bond forfeiture, the person charged shall have his license immediately reinstated and shall not be required to pay any reinstatement fee <u>if at the time for reinstatement of driver's license</u>, it can be shown that the criminal charges have been dismissed or that there has been a permanent refusal to charge a crime by the appropriate prosecutor or there has been an acquittal. If, however, at the time for reinstatement, the licensee has pending against him criminal charges arising from the arrest which led to his suspension or revocation of driver's license, the reinstatement fee shall be collected. Upon subsequent proof of final dismissal or acquittal, other than under Code of Criminal Procedure Article 893 or 894, the licensee shall be entitled to a reimbursement of the reinstatement fee previously paid. In no event shall exemption from this reinstatement fee or reimbursement of a reinstatement fee affect the validity of the underlying suspension or revocation.

OMV argues that La.R.S. 32:667(H)(1)(a) "refers only to the placement of responsibility for the payment of the fees for reinstatement by establishing that a person, who has put on proof that the criminal charges have been dismissed, will not be required to pay the reinstatement fee," citing *Perrodin v. Dep't of Pub. Safety & Corr.*, 98-1599 (La.App. 3 Cir. 6/2/99), 741 So.2d 809. In *Perrodin,* the plaintiff was arrested for a second offense DWI seventeen months after his first arrest. In both instances, he consented to chemical testing, which indicated a blood-alcohol level higher than 0.10. Mr. Perrodin filed a rule to show cause why he should not be issued a restricted license. His rule did not mention his previous arrest for DWI. The trial court, relying on La.R.S. 44:9(B) (now repealed), which related to the expungement of arrest records, was not applicable because La.R.S. 44:9(A) (also repealed) specifically excluded first and second offense DWI arrests

2

from its coverage. Judge Peters, in the opinion for the *en banc* court, stated that "[i]n this case, we are only concerned with the effect of a suspension as a result of the arrest." *Id.* at 810. The court in *Perrodin*, quoting *Murphy v. Dept. of Pub. Safety*, 93-1228 (La.App. 3 Cir. 5/4/94), 640 So.2d 546, 548 (citations omitted), stated:

> We must read Subs. H in conjunction with the other subsections of La.R.S. 32:667. Subsection B(1) refers only to a suspension and does not qualify that it be in conjunction with a conviction, guilty plea or bond forfeiture. It states that on second suspensions there shall be no hardship license issued for three hundred sixty five days. La.R.S. 32:414 and 415.1 are invoked upon conviction and sentence.
>
> Subs. H contemplates that a person whose license has been suspended will be entitled to have his license reinstated. It refers only to placement of the responsibility for payment of the fees for reinstatement. It simply establishes that a person who has put on proof that the criminal charges have been dismissed, or there has been a permanent refusal to charge a crime by the appropriate prosecutor, or there has been an acquittal, will not be required to pay the reinstatement fee. The last sentence of Subs. (H)(1) clearly establishes that exemption from the reinstatement fee or reimbursement does not affect the validity of an underlying suspension or revocation. The legislature obviously did not intend to do away with the mandate that a person whose license has been suspended for a second offense DWI shall be denied restricted driving privileges.

I find that this court's *en banc* opinion in *Perrodin* settles the issue before us. I have reviewed the jurisprudence from this court and the supreme court cited by the parties regarding the interpretation and application of La.R.S. 32:667(H)(1)(a) since this court's opinion in *Perrodin*. I find that none of these cases squarely present the issue that is before this court. Those cases either involve the suspension of a commercial driver's licenses, submission to a chemical test, a failure to seek an administrative hearing after the arrest, or an acquittal after a trial.

"It is presumed the Legislature acts with full knowledge of well-settled principles of statutory construction. It is also presumed that every word, sentence or provision in a statute was intended to serve some useful purpose, that some

effect be given to each such provision, and that the Legislature used no unnecessary words or provisions." *Sultana Corp. v. Jewelers Mut. Ins. Co.*, 03-360, p. 9 (La. 12/3/03), 860 So.2d 1112, 1119 (citations omitted).

The majority is focused on the word "immediately" in Subsection H and totally ignores the words "if at the time for reinstatement of driver's license" in concluding the driver is entitled to return of his driver's license with no suspension. This renders the implied consent law meaningless. Their interpretation also renders La.R.S. 32:667(H)(1)(a) meaningless.

The majority cites *Brooks v. La. Dep't of Pub. Safety & Corr.*, 11-71 (La.App. 3 Cir. 6/1/11), 66 So.3d 1236, *writ denied*, 11-1977 (La. 11/14/11), 75 So.3d 948, but that case is distinguishable because it involved the suspension of a commercial driver's license, not a Class E license. Further, Mr. Brooks submitted to a chemical test which indicated a blood alcohol level above the legal limit. In the case before us, the issue is the failure to submit to a chemical test.

Likewise, in *Lafleur*, 129 So.2d 540, the plaintiff also submitted to a chemical test, so La.R.S. 32:667(B)(2) was not implicated. Again, the only issue in that case was the suspension of Mr. Lafleur's commercial driver's license, not his Class E license.

The final case cited by the majority is *Nunnally v. State of Louisiana, Department of Public Safety and Corrections*, 93-356 (La.App. 3 Cir. 10/4/95), 663 So.2d 254. *Nunnally* was overruled by this court's *en banc* opinion in *Perrodin*.

Mr. Richard's license was seized by Trooper Wright because he refused to submit to a chemical test. Mr. Richard was charged with first-offense DWI. That charge was dismissed. Applying Subsection H(1)(a), Mr. Richard "shall have his license immediately reinstated and shall not be required to pay any reinstatement

4

fee _if at the time for reinstatement of driver's license_ it can be shown that the criminal charges have been dismissed." Mr. Richard's license was suspended because he refused to consent to a chemical test. Louisiana Revised Statutes 32:667(B)(2)(a) does not include an exception for those whose charges are dismissed. It is the refusal to take the test that triggers the suspension – not the issue of guilt or innocence. As this court concluded in _Perrodin_, because he was not prosecuted for DWI, Mr. Richard will not be required to pay a reinstatement fee _when he has completed his suspension_. But he must serve his suspension. We find merit in OMV's first assignment of error.

As to the ignition interlock device, the relevant provisions of La.R.S. 32:667(I)(1)(a) are much clearer:

> I. (1) In addition to any other provision of law, an ignition interlock device shall be installed in any motor vehicle operated by any of the following persons whose driver's license has been suspended in connection with the following circumstances as a condition of the reinstatement of such person's driver's license:
>
> (a) Any person who has refused to submit to an approved chemical test for intoxication, after being requested to do so, for a first, second, or subsequent arrest of R.S. 14:98 or 98.6 or a parish or municipal ordinance that prohibits operating a vehicle while intoxicated and whose driver's license has been suspended in accordance with law.

I would find that, at the conclusion of Mr. Richard's period of suspension of his driver's license, or sooner as described in La.R.S. 32:667(I)(2), Mr. Richard is required to install an ignition interlock device on his vehicle.